Union National Bank *v.* Kirby.

4-3568

Opinion delivered June 4, 1934.

*Moore, Gray, Burrow & Chowning,* for appellants.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

McHaney, J. This appeal involves the construction of the will of Alexander Robertson, a resident and citizen of Little Rock prior to his death in 1921. The will created a testamentary trust for certain purposes hereinafter stated, and appointed the Union & Mercantile Trust Company of Little Rock as trustee. The latter was succeeded by the Union Trust Company, and it later was succeeded by appellant, Union National Bank, which; together with the other appellants, were, by chancery decree appointed co-trustees in succession. The only part of the will of said Alexander Robertson relating to said trust is section 4 of paragraph 2 thereof, which reads as follows:

"4. After the payment of the legacies and bequests set forth in sections two and three of this paragraph of my will, all of the rest and residue of the property in the hands of my said trustee, real, personal and mixed, shall be converted by it, as soon as practicable, into cash or other securities, and the net income therefrom shall be applied, appropriated and expended by my said trustee in procuring scholarships for a business or commercial course in some college or school, to be selected by it for such women and girls of the city of Little Rock, Arkansas, as my said trustee shall select as worthy and deserving of procuring such business or commercial course, and who, in the absolute discretion of my said trustee, shall have insufficient funds of their own for procuring such business or commercial course, such scholarship to be known as the Abigail Robertson scholarship. My said trustee shall be the sole and absolute judge as to whether or not the applicants, applying to it for such scholarship are worthy of its aid and support, the said trustee being hereby specifically conferred with full power and authority to accept or reject any applicant for said scholarship.

"Where an award is made to an applicant, said trustee shall in its absolute discretion appropriate and apply such part of the net income from the property in its hands as it shall, in its absolute discretion, deem necessary to procure for said applicant such business or commercial course, including the appropriation and expenditure by it of such sums as it shall, in its absolute discretion, deem necessary for the support and maintenance of said applicant while attending such school or college under such scholarship."

The widow, Abigail Robertson, subsequent to the probate of the will, elected to renounce same and took certain property as dower. Shortly thereafter, however, she changed her mind and deeded most of the property back to the trustee upon condition that after her death it should be held and administered as a part of the trust property and in accordance with the provisions of her late husband's will.

Appellee applied to appellants as trustees to advance her $500 to assist her in pursuing her studies of voice in

Chicago, and her application was denied on the ground that assistance for such a course of study was not authorized or permitted under the terms of the will creating the trust. She brought this action, alleging that she is a citizen and resident of Little Rock, that she had studied music in Chicago for four years under certain prominent teachers, who, on account of her unusual progress, have offered to continue her musical education without charge if she can maintain herself; that she is without funds and unable to continue her studies unless aided by this fund; that she had made application to appellants for said sum and believes they favor advancing same to her, but are in doubt as to their authority under the will to do so; that it is her intention to devote her life to music and to support herself in that way; and that a musical education is for her a matter of business. She prayed the court to construe the will and advise the trustees whether they are so authorized by the terms of the will.

The answer set up the clause in the will above copied and the clause in the deed of Mrs. Robertson above referred to, and stated that the trustees were in doubt whether a musical course of study is within the purview of the will; that they do not feel authorized to grant a scholarship for such purpose without first being advised and instructed by the court that it is within their power; and that they have accordingly refrained from considering appellee's application and her qualifications until they are so advised. The prayer joins in a request to the court to construe the will.

The evidence shows that up to the present time scholarships have been only granted out of such fund for business and commercial courses in business and commercial schools and colleges of Little Rock; and that the trustees now have in business schools or colleges seventy-four young women. The chancery court entered a decree granting the prayer of appellee's complaint, and holding that appellants have the power under the will, as trustees, to grant her application and furnish her a scholarship for the study of music.

In this we think the learned trial court was in error. Assuming that the court had jurisdiction to construe this will, a question not raised or decided, the general rule is that the paramount principle in the construction of wills is that the general intention of the testator, if not in contravention of public policy or of some rule of law, shall control; and such intention is to be ascertained from the language used as it appears from a consideration of the entire instrument. Words and sentences used are to be construed in their ordinary sense so as to arrive at the real intention of the testator. *Witten* v. *Wegman*, 182 Ark. 62, 30 S. W. (2d) 834; *Union Trust Co.* v. *Madigan*, 183 Ark. 158, 35 S. W. (2d) 349; *First National Bank* v. *Marre*, 183 Ark. 699, 38 S. W. (2d) 14; *Lavenue* v. *Lewis*, 185 Ark. 159, 46 S. W. (2d) 649.

Bearing these fundamental rules in mind, we think there can be no doubt as to the nature of the beneficence the testator intended to bestow. The language of the will is that the net income of the trust fund shall be applied by the trustee in procuring "scholarships for a business or commercial course in some college or school" to be selected by the trustee for such women and girls of the city of Little Rock as the trustee shall select as worthy and deserving of "such business or commercial course" and who in the judgment of the trustee shall have insufficient funds for procuring such "business or commercial course." It is true that the word "business" in its broadest acceptation would include every trade or occupation. See definitions in all the dictionaries and in Words and Phrases.

But we are of the opinion that the testator did not use the word in that sense, but the words "business or commercial" were used in a synonymous sense. In other words, that the word "commercial" is explanatory of the word business. This is further evidenced by the fact that the two words are connected by the disjunctive word "or." So the testator, by using the words "business or commercial course," evidently meant to use them in the sense ordinarily conveyed by such use—such a course as it usually taught by business or commercial schools and

colleges, and not to schools and colleges teaching the arts, sciences and professions. If the appellee is correct in her contentions, then the trustees would be authorized to send qualified persons to schools of law, medicine, dancing and what not, and would, in our opinion alter the purpose of the trust. This a court of equity has no power to do. As said by this court in *Morris* v. *Boyd,* 110 Ark. 468, 162 S. W. 69: ''The jurisdiction of courts of equity to supervise the execution of charitable trusts does not include the power to alter the terms of the trust, nor to sanction a diversion of any portion of the trust estate. That would involve the making of a new will for the testator and a disposition of the property contrary to the intention of the donor.''

We are therefore of the opinion that the court erroneously construed the will. It necessarily follows that its judgment must be reversed, and the cause dismissed.