ATKINSON v. LYLE.

4-3966

Opinion delivered June 3, 1935.

John A. McLeod, Jr., for appellant.

Bridges, McGaughy & Bridges, for appellees.

HUMPHREYS, J. This suit was brought to enjoin appellees from incumbering by mortgage the real estate in Pine Bluff known as the Merrill Institute, which was conveyed to them in trust in 1889 by Joseph Merrill, and from incumbering and selling certain other income real estate devised to appellees about the same time to aid in the operation of the Merrill Institute. In addition to the real estate conveyed and devised, Joseph Merrill gave appellees $20,000 in cash to build a three-story brick building on the lot conveyed for the use and occupancy of the institute; and it was provided in the deed that the building should be so constructed as to contain on the ground floor two store rooms to be rented for business purposes, the rents and other income from any source to be used in maintaining the institute building, the payment of taxes, procuring public lectures, and payment of incidental expenses. The purposes of the trust were specified in the deed and will so as to include entertainment and educational instruction for the white people of Pine Bluff. Shortly after the execution of the instru-

ments, the trustees constructed a brick building three stories high, fifty feet wide, and one hundred and forty-four feet long on the lot conveyed with a lobby on the first floor instead of two rental stores as provided in the deed. The building has been used since that time by the white people of Pine Bluff for physical, moral and educational development, and the revenue derived from the rentals and operations of the institute have been sufficient until recent years to keep all the property in repair and maintain the trust. Although there is no deficit, the building is old and pretty well worn and needs remodeling and rehabilitation such as a new roof and other substantial and costly repairs, which cannot be made out of the net income. The trustees have decided to mortgage the property for $16,000 with which to make the improvements, so as to include two stores on the first floor for rental purposes, and will do so unless enjoined. The deed and will both provide that the trustees shall have no power to sell and in any manner incumber the property.

The court found that conditions have so changed since the execution of the deed and will that the trustees may sell and mortgage the property to avoid the failure of the trust, and dismissed the complaint of appellant, from which is this appeal.

In thus finding and decreeing, the chancery court overlooked the positive prohibition or inhibition in the deed and will that the trustees should not sell or incumber the property. It was clearly the intention of the donor to prevent any incumbrance being placed upon the property, and to decree otherwise would be thwarting his intention. The trustees took possession of the property subject to all the conditions and restrictions or prohibitions contained in the instruments and cannot be allowed to violate or ignore them. This is a charitable trust, and, concerning such a trust, this court said in the case of *Morrison* v. *Boyd,* 110 Ark. 468, 162 S. W. 69, (quoting syllabi 4 and 5) that:

"The jurisdiction of courts of equity to supervise the execution of a charitable trust created by a will does not include the power to alter the terms of the trust, nor to sanction a diversion of any portion of the trust estate.

"Where a charitable trust is created by a will, it is dependent upon the terms of the will for its existence, and that instrument is the sole measure of the power of those who are called upon to execute the trust, whether the trustees themselves or a court of equity in the exercise of a superintending control, and a court of equity has no authority to exercise any greater powers."

The case of *McCarroll* v. *Grand Lodge I. O. O. F.,* 154 Ark. 376, 243 S. W. 870, relied upon by appellees in support of the decree of the chancery court, is not in point and has no application to the facts in the instant case. The instrument creating the trust in that case contained no restrictions or prohibitions against selling or incumbering the property devised. The *cy pres* doctrine—the doctrine of nearness or approximation—cannot be invoked or applied in the execution of a trust which prohibits in express words the doing of the thing the trustees are attempting to do. In the instant case, the trustees are attempting to incumber a part of the property and sell and incumber the other part, which the donor expressly prohibited them from doing in executing the trust.

On account of the error indicated, the decree is reversed, and the cause is remanded with directions to permanently enjoin the trustees from selling or incumbering any or all of said property.

SMITH and McHANEY, JJ., dissent.