LEWIS *v.* KEATING.

4-3973

Opinion delivered October 14, 1935.

*Mark B. Grimes* and *W. J. Dungan,* for appellant.

*Ross Mathis,* for appellee.

MEHAFFY, J. On April 24, 1913, John Shearer of Woodruff County, Arkansas, made his will. The second paragraph of the will reads as follows:

"2nd. I give my wife, Daisy Shearer, all my personal property that I may own at the time of my death of every kind, character and description whatsoever."

In the third paragraph of the will the Mercantile Trust Company of Little Rock, Arkansas, its successors or assigns, was given in fee simple forever all the lands except the Taylor place, in trust for the use and purposes set forth in the will. Then the uses, purposes and duties of the trustee were set forth.

Section F of paragraph three reads as follows:

"I do not wish the land devised to the trustee to be sold unless in the judgment of the trustee it would be to the advantage of the beneficiaries to make such sale for the purpose of reinvestment or unless the trustee should find it necessary to sell a portion of the land in order to complete the proper education of my grandchildren hereinabove provided. But, in case the trustee

should at any time deem it best for the interest of the beneficiaries, it may sell and convey all or any portion of the land devised to it for the purpose of reinvestment either in lands or other property. Or, in case it shall be found that three-fifths of the income of the land so devised is not sufficient to complete the education of my grandchildren as above provided, the trustee may sell such portion of the land as is necessary to accomplish that purpose. But, if any portion of the land shall be sold for the purpose of educating the children, this shall not diminish the income payable to my daughter, but the two-fifths of the income payable to her shall be collected upon the basis of the property received by the trustee without regard to its diminution by such sales.

"In the event my wife should resent this will and elect to take her dower under the laws of the State, then all property of every kind, character and description I may own at the time of my death, which is not included in the dower assigned to her, shall be included in the devise to the Mercantile Trust Company, as trustee to be held and disposed of by it for the benefit of my daughter and her children upon the terms and conditions hereinabove set out.

"I hereby nominate and appoint the Mercantile Trust Co., of Little Rock, Arkansas, as executor of this, my last will and testament."

The Mercantile Trust Company declined to act as trustee, and an administrator was appointed. R. Bruce Keating, the husband of Mrs. Ruth Keating, was appointed trustee.

It will be observed that § F above quoted provides that the lands shall not be sold unless the trustee should find it necessary to sell a portion of the land in order to complete the proper education of the testator's grandchildren.

The trustee was expressly authorized to sell such portion of the land as was necessary to complete the education of the minors. The principal object of the testator was to provide for his daughter and grandchildren. The trustee might have sold the property that he did sell without applying to the chancery court for an order.

He had the authority to make the sale under the will. He did, however, file a petition in the chancery court stating the facts which made it necessary to sell some of the property, and the court made an order directing the sale, and thereafter the chancery court approved the sale and the terms of the sale. The property was sold for $1,500 payable in monthly payments of $30 each. Notes were given for the purchase price. The property was sold to R. H. Evans, and a vendor's lien was retained to secure the payment of the notes.

Thereafter the trustee borrowed $800 from Lester Lewis, the appellant, executing his note therefor and pledging the Evans notes as security for the payment of his note. Evans did not pay the notes as they matured, and Lewis brought a suit to foreclose the lien on the land.

This suit was begun on May 8, 1933. On August 21, 1933, Lewis filed an amendment to his complaint. On November 23, 1933, the appellees filed an intervention asking that the original decree rendered at the September term, 1933, be vacated and set aside. This was the decree in the case of Lester Lewis v. R. Bruce Keating, trustee et al. They also asked that the sale by the trustee to Evans be set aside and the title to said property be declared in the trustee subject to the rights of the interveners. They asked that, if the agreement to convey said property to Evans is declared valid by the court, the interveners recover from Lester Lewis the sum of $289.80 paid Lewis upon the note executed by the trustee, and that the interveners be given judgment for $1,050 against Evans, and that a lien be declared on the property sold for the amount found due, and that said property be sold.

The lower court upheld the sale to Evans, but held that the trustee had no power to pledge the Evans notes for the money borrowed from Lewis, and also decreed that Lewis should pay back the $289.80 that he had received. In upholding the sale of the land, the court also held that Ruth Keating had a dower interest in the land, and that out of the proceeds of the sale the said Ruth Keating should be paid for her dower interest, and the remainder of the proceeds should be paid to the trustee.

The court held in its final decree that the trustee, without authority, pledged 44 of the Evans notes to Lester Lewis as security for the payment of the $800 note, improperly executed by Keating, as trustee. The court also held that the decree in the case of Lester Lewis against Keating and Evans should be vacated and set aside because the proper parties were not before the court. The court also held that the trustee had no authority to execute a note for $800, and had no authority to pledge the Evans notes to secure the payment of the $800 note.

A receiver had been appointed and had collected $60 for rent, and the court ordered that the receiver pay to the trustee $45 and retain $15 for his services.

Appellee urges that the will of John Shearer clearly created a spendthrift trust in favor of Mrs. Ruth Keating. That question is not involved on this appeal. The only question here is whether the trustee had the right to pledge the lien notes of Evans for the payment of the $800 note.

In construing a will the intention of the testator must be ascertained from the language of the will itself if possible, and, if not in contravention of some established rule of law or public policy, it must be given effect. The will expressly provides that the land devised to the trustee shall not be sold unless in the judgment of the trustee it would be to the advantage of the beneficiaries or unless the trustee should find it necessary to sell a portion of the land to complete the proper education of the testator's grandchildren. The testator had a right to provide for the sale of land if, in the judgment of the trustee, it was necessary.

Appellee, however, says that the petition filed by the trustee and the orders of the court were purely *ex parte.* The trustee, in fact, was endeavoring to carry out the provisions of the will. There is no provision in the will any where in conflict with this clause of the will providing that the trustee, if in his judgment it is proper to do so, shall sell the lands for the purposes mentioned in the will, that is, the education of the minor children, and, of course,

a portion of it must be applied to the payment of Ruth Keating.

It is not contended by appellee that the provision of the will above referred to does not authorize the trustee to sell the property. The power vested in the trustee by the will is plain and unambiguous. The right to sell by the trustee, if in his judgment it becomes necessary, cannot be doubted, and the testator had the right to make this provision. The sale was made in accordance with the terms of the will, made for the purposes mentioned in the will, but, instead of selling for cash, the trustee sold the land for $1,500 and accepted the notes of $30 each, payable monthly. These notes were given as the purchase price of the land, and the trustee had a right to use these notes for the purpose of educating the minors. He might have sold them for cash, or borrowed money and pledged the notes to secure the payment of the borrowed money. The trustee would, of course, have to use this money just as he would have had to use the money if the sale had been for cash.

Appellee calls attention to the case of *Heiseman* v. *Lowenstein,* 113 Ark. 404, 169 S. W. 224. The court in that case said: "We now come to the question as to whether a power of sale includes a power to mortgage. There is some conflict in the authorities on this question, but we believe that the better reasoning, if not the weight of authority, is to the effect that a mere power of sale does not include the power to mortgage."

In the instant case the property of the testator was not mortgaged, but was sold as provided in the will, and the notes which were received for the lands used for the purpose of securing money to carry out the intention of the testator.

In the will construed in the above case, there was no provision like the provision in the Shearer will. While the power to sell might not include the power to mortgage, yet under the terms of the will the trustee had all the implied powers necessary to carry out the provisions of the will with reference to securing the education of the minors. The will provided for the sale.

"If a settlor has directed the trustee to reach a certain end, he must be deemed to have intended that the trustee use the ordinary and natural means for obtaining that result. The court reads such a desire into the trust instrument, not because the court is adding something to the trustee's authority for the sake of bringing about a result which it thinks would be just, but for the reason that chancery believes that the settlor actually wished the trustee to have such power, although he did not in so many words grant the authority. * * * Where a trustee conforms with the provisions of the trust in their true spirit and meaning, he has authority 'to adopt measures and to do acts which, though not specified in the instrument, are implied in its general directions and are reasonable and proper means for making them effectual.' " Bogert on Trusts and Trustees, vol. 3, p. 1734.

The sale having been made under the terms of the will and approved by the chancery court, the proceeds of the sale should of course be used for the purposes mentioned in the will, and manifestly, if Evans did not pay the notes as they matured, the trustee had the right to foreclose the lien to get the money to educate the minors, and, of course, he would have to pay to Ruth Keating her part of the money.

In construing wills, the intention of the testator must be ascertained and must govern. This intention is gathered from the language of the will itself, and, when the will is thus construed, it is manifest that the intention of the testator was to provide for his daughter and grandchildren, and, in order to do this, authorized the sale of property and the use of the proceeds for educating the minors. After the sale had been made, it was not a mortgage of the testator's property to pledge the notes for money to carry out the purpose of the testator.

Of course, the trustee should be required to exercise the utmost good faith and use the money as directed in the will. The court has the power to require him to do this. The sale being valid, and, securing money with the lien notes being proper, Lewis should be permitted to foreclose his lien and collect the money and apply so much of it as is necessary to the payment of the $800.

The decree of the chancery court will be reversed and remanded with directions to grant Lewis a decree foreclosing the lien retained in the notes, and requiring the trustee to use the money borrowed for the purpose of educating the minors, and paying to Ruth Keating the portion of it belonging to her under the terms of the will.

It is so ordered.