DOAKE *v.* TAYLOR.

4-4922

Opinion delivered January 31, 1938.

*Glover & Glover,* for appellant.

*Franz Swaty, S. F. Morton* and *Gaughan, Sifford. Godwin & Gaughan,* for appellees.

MEHAFFY, J. The appellants commenced this action in the Dallas circuit court against the appellees and alleged in their complaint that they are the only surviving

heirs at law of the late Mary T. Doake, and that said Mary T. Doake, mother of the appellants, was the only child of Adolphus D. Jones and his wife, Caroline A. Jones, each of whom is deceased, and that appellants are the grandchildren of the late Adolphus D. Jones and Caroline A. Jones. It was alleged that at the time of the death of Adolphus D. Jones he was the owner in fee simple of the lands in controversy; that Adolphus D. Jones has made a will which was duly probated on October 11, 1858.

Attached to the complaint, and made part of the same, was the will, which is as follows:

"In the name of God Amen:

"I, Adolphus D. Jones, of the county of Dallas and state of Arkansas, do make, ordain and declare this my last will and testament revoking all others.

"First, it is my will and desire that all my just debts be paid out of the crop now on hand. Item. It is my will and desire that the whole of my estate be kept together and an overseer employed to manage the same with a view to economy until my wife dies, my daughter or wife marries, or until my daughter arrives at the proper age to take charge of her estate and then divided, as hereinafter pointed out and that the expenses of my wife, Caroline A. Jones, and my daughter, Mary T. Jones, be kept separate so that each one pays her own expenses out of the portion left her after first paying the necessary expenses of the farm and support of the family and then the net proceeds divided by my executor, paying to the guardian of my daughter two-thirds of the net proceeds of the crop.

"Item: I give to my wife, Caroline A. Jones, during her life one-third of my entire estate of every description and after her death to my daughter, Mary T. Jones, and heirs of her body forever. Item: I give to my daughter, Mary T. Jones and heirs of her body forever the other two-thirds of my estate together with the increase of every description and should my daughter die before she marries or arrives at the lawful age to dispose (by will) of her property I wish the whole of

the estate left my daughter to go to my wife, Caroline A. Jones. Item: It is my will and desire that two large family Bibles be purchased out of the funds of my estate one for the use of my wife, Caroline A. Jones, and the other a very nice one for the use of my daughter, Mary T. Jones, in which I wish my name subscribed. Item: It is my will and desire that my daughter, Mary T. Jones, be suitably educated with a due regard to her health. It is further my desire that doctor Sanford Reamy be guardian for my daughter, Mary T. Jones. Lastly I hereby constitute and appoint my friend, Sanford Reamy, executor, to this my last will and testament in writing whereof I hereunder set my hand and seal this the 20th day of August, 1858.

      "Adolphus D. Jones (signed)
"Witnesses:  Jno. Daly,
     Wm. Pride & T. J. Daly."

Appellants alleged that under the will their mother took a life estate, and that at her death they became the sole owners of the land in fee simple. Their mother was married to their father, John W. Doake, to whom seven children were born. Two died without issue, leaving as the only and surviving heirs to Mary T. Doake, the appellants in this suit. Their mother, Mary T. Doake, died March, 1935. The lands involved were owned by Adolphus D. Jones in fee simple at the time of his death, and Caroline A. Jones died a short time after Adolphus D. Jones died; that the lands in controversy are now claimed by the appellees, who are now living on said lands; that the appellees are in possession by reason of a deed from appellants' mother, Mary T. Doake, and that said deed only conveyed a life estate, and that at the death of their mother the lands reverted to them.

Appellees filed answer denying the allegations of the complaint and alleging that they had made valuable improvements on the lands. Some evidence was introduced, including deeds, and the appellants offered the will in evidence.

Objection was made to the introduction of the will, and it was stated that the will, on its face, showed that

appellants have no title to the lands under and by the will. The will was submitted to the court, whereupon the court stated that he would reserve his ruling on the competency of the admission of the will, and instructed the jury that there was much to be determined as to the law applicable, and then there would be questions of fact that must be decided by the jury, and as a matter of convenience to the members of the jury and to the court, the case was taken from their immediate consideration, but the jury would in the meanwhile be the jury sworn and to which this case is being tried. It was announced to them that it could not be stated then just when they would be called back, but they would be called back to consider the facts in the case, and until that time that they should not discuss the case with each other, nor permit any one to discuss it with them or in their presence or hearing. The attorneys announced that this was satisfactory to them.

On July 22, 1937, the Dallas circuit court being in regular session, the jury being in the box, and the litigants' counsel being in attendance, the case was called up for decision and finding of the court.

The court, in a written opinion, held that the will gave an estate in fee simple to Mary T. Doake, and the only question for our consideration is whether the will created a life estate in Mary T. Doake, or an estate in fee.

If Mary T. Doake had a life estate only, then the appellants in this suit became the owners of the property in fee at her death. If, however, she received the fee, the appellants would not be entitled to recover because she had disposed of the property during her lifetime.

"The cardinal rule of testamentary construction is to ascertain the intent of the testator and give it effect, unless the testator attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy. All rules of construction are designed to ascertain and give effect to the intention of the testator, and all rules and presumptions are subordinate to the intent of the testator where that has been ascertained. The intention will control any arbitrary rule, however

ancient may be its origin.'' 28 R. C. L. 211; Thompson on Wills, 273; 69 C. J. 52.

The above rule has many times been approved by this court. The intention of the testator is to be collected from the whole will, and from a consideration of all the provisions of the instrument taken together, rather than from any particular form of words. The intention is not to be gathered from detached portions alone, and the court should not consider merely the particular clause of the will which is in dispute. The language employed in a single sentence is not to control as against the evident purpose and intent as shown by the whole will. In other words, a will is not to be construed *per parcella,* but by the entirety. As sometimes expressed, the intent is to be ascertained from a full view of everything within the ''four corners of the instrument.'' 28 R. C. L. 217; *National Bank of Commerce* v. *Ritter,* 181 Ark. 439, 26 S. W. 2d 113; *Baum* v. *Fox,* 192 Ark. 406, 91 S. W. 2d 601; *Lewis* v. *Keating,* 191 Ark. 422, 86 S. W. 2d 417; *Union National Bank* v. *Kirby,* 189 Ark. 369, 72 S. W. 2d 229.

When we consider the whole will in the present case, we think it clear that the daughter, Mary T. Doake, received an estate in fee simple and not a life estate. The will expressly provides that should the daughter, Mary T. Jones, die before she marries or arrives at lawful age to dispose, by will, of her property, etc. The power to dispose of by will, provided in the will of Adolphus D. Jones, clearly indicates that she was given the fee and not just a life estate. If she had a life estate, it would, of course, end at her death, and she would have nothing that she could dispose of by will. Then the will states that the estate shall be kept together until the testator's wife dies or until his daughter or wife marries, or until his daughter arrives at the age to take charge of her estate, and then it should be divided. The will further provides that the expenses of the wife and daughter shall be kept separate so that each one pays her own expenses out of the portion left to her, after first paying the necessary expenses of the farm and support of the family, and

then the net proceeds to be divided, paying to the guardian of his daughter two-thirds of the net proceeds. The will expressly limited the estate of the wife to her life, and provided that the entire estate, after the death of his wife, should go to his daughter and the heirs of her body forever.

It is the contention of the appellants that, because the testator used the words "the heirs of her body," it creates a life estate and not an estate in fee; but when the will is considered in its entirety, the intention of the testator appears to be to give his daughter an estate in fee. The "heirs of her body" is equivalent to bodily heirs. *Watson* v. *Goldman Realty Company,* 95 Ark. 18, 128 S. W. 581, Ann. Cas. 1912A, 540.

It is true that the words "heirs of her body" will be given their technical meaning unless there is something in the instrument itself which shows they were used in a contrary sense, as children, or as words of purchase. *Dotson* v. *Kentland Coal & Coke Co.,* 150 Ky. 60, 150 S. W. 6.

We think this will, on its face, clearly shows an intention to give the daughter an estate in fee.

"It is also a well-established principle that the law favors the vesting of estates, and, in the absence of a contrary intention of the testator appearing from the will, the estate will vest at the time of his death, and, if a will is susceptible of a dual construction, by one of which the estate becomes vested and by the other, it remains contingent, the construction which vests the estate will be adopted." *Booe* v. *Vinson,* 104 Ark. 439, 149 S. W. 524; *McCarroll* v. *Falls,* 129 Ark. 245, 195 S. W. 387.

When the entire will is considered, we think it appears that the intention of the testator was to give his daughter the property in fee.

The judgment of the court is, therefore, affirmed.