4-6004 141 S. W. 2d 518

Opinion delivered June 17, 1940.

*Scott Wood,* for appellant.

*Earl J. Lane* and *Richard M. Ryan,* for appellee.

MEHAFFY, J. This action was instituted by John H. Morris, executor and trustee of the last will and testament and of the estate of Simon Blumenstiel, deceased, against Alfred Blumenstiel, Ruth Blumenstiel, Mary Ruth Murphy, and George W. Murphy. It was alleged that the appellee, Morris, was executor and trustee, and that the last will and testament, and especially the codicil of said last will and testament of Simon Blumenstiel, deceased, contained the following provision:

—PAGE 932]

"Second: I desire to make provision in this codicil to my will for the education in college of Mary Ruth Murphy and George W. Murphy, children of A. J. Murphy, and do hereby make provision for their education in college and will and bequeath to them, and each of them a sufficient sum of money for that purpose to be paid to them and for their use and benefit as their several needs may require, by the executor and trustee under this will, from the monies of my estate, until the completion of their education in college, and the executor and trustee under this will is directed to pay all their expenses in college, including board and tuition and all the expenses incident to their college education, and said executor and trustee shall support and maintain them, and each of them until they severally complete their college education."

It was further alleged and represented to the court that Alfred Blumenstiel and Ruth Blumenstiel are children and sole heirs at law of said Simon Blumenstiel, deceased, and the petitioner requested that the court construe the provision made in the codicil of the last will and testament of the said Simon Blumenstiel, deceased, as to what constitutes an education; whether or not there should be a reasonable monthly allowance paid to the legatees, Mary Ruth Murphy and George W. Murphy; if so, how long said payments should be made, and in what amount said payments should be; and to interpret and instruct the executor and trustee in all matters pertaining to the provision made in said codicil as to Mary Ruth Murphy and George W. Murphy. The prayer was for the construction and interpretation of the codicil, and for all other and proper relief.

Alfred Blumenstiel filed answer and joined in the request to interpret and construe the codicil, as set out in the complaint. Thereafter Ruth Blumenstiel, daughter and heir at law of Simon Blumenstiel, deceased, entered her appearance, filed answer, and joined in the request to interpret and construe the codicil.

George W. Murphy and Mary Ruth Murphy filed answer in which it was alleged that George W. Murphy

has entered the University of Arkansas for the school term which will end in June, 1940, and is majoring in chemistry with a view of becoming a chemical engineer; he expects to receive a degree as Bachelor of Arts from the University of Arkansas in June, 1940, but his college education will not be completed with the Bachelor of Arts degree. In order to qualify himself in his chosen work, it will be necessary for him to take post-graduate work until he has secured a degree as Doctor of Philosophy. He has made an estimate of the amount of money which will be needed to support and maintain him until he finishes the 1939-1940 term of the University of Arkansas, and filed a statement with his answer. He stated that he would keep a strict and accurate account of his expenses and use no more than is necessary for his support and maintenance; that he would like to have a regular allowance under the terms of the last will of Mr. Simon Blumenstiel. He will make accounting to the executor and if the estimate which he has made proves to be inaccurate, he will make adjustments of the account from time to time during the school year, as he desires to receive only the amount necessary for his support and maintenance until he finishes his college education. He states that he believes that Mr. Blumenstiel intended that his living expenses for the entire year should be paid by the trustee of Mr. Blumenstiel's estate.

Mary Ruth Murphy has received her A. B. degree from the University of Arkansas and has ended her college education. The prayer is that the court will construe the will so as to carry out the intention of Mr. Blumenstiel with respect to the support and maintenance of George W. Murphy until he has completed his education.

The court entered a decree holding that it was not the intention that the said trustee should pay their expenses during the summer vacation, and that the words "until the completion of their college education" are construed to mean until they secure a college degree; that Mary Ruth Murphy has already secured a degree from

the University of Arkansas, and that no further provision shall be made for her by the trustee, and that she shall receive nothing further under the will; that George W. Murphy is a senior at the University of Arkansas and expects to receive a degree of Bachelor of Arts at the end of the present school year, and is entitled to receive from the trustee, from time to time, sufficient sums to pay all his expenses until he receives his degree in June, 1940; that when he receives his degree and his expenses from college to his home have been paid, all payments shall cease. The court then estimates the amount of expenses necessary and retains control of the cause for such further orders as may be necessary and proper in carrying out the intention of the testator with regard to the provisions of the college education of George W. Murphy.

George W. Murphy thereafter filed petition to amend the decree, stating that George W. Murphy was the son of the late A. J. Murphy, who was for many years an attorney at law and solicitor in chancery, and had for many years represented the testator, Simon Blumenstiel, deceased, as attorney, and that said A. J. Murphy and the testator, Blumenstiel, were personal friends, the relationship between them being so close that neither of them ever rendered bills for services rendered to the other; that the said Simon Blumenstiel paid the expenses in college of George W. Murphy and Mary Ruth Murphy for the school terms of 1938-1939; that George W. Murphy was studying to prepare himself in the profession of chemical research work and chemical engineering; that George W. Murphy would receive a degree of Bachelor of Arts from the University of Arkansas in June, 1940; that the degree of Bachelor of Arts would not qualify him for chemical research work, and in order to qualify himself for such work, it would be necessary for him to continue in college with postgraduate work until he should receive a degree of Doctor of Philosophy; that said George W. Murphy was an industrious and ambitious student who had always received high grades in his college work; that the said Simon Blumenstiel had

received regular reports on the college work of said George W. Murphy and was informed of the necessity for him to take postgraduate work in college in order for him to qualify himself for the career which he had chosen; that these statements were not in any wise contradicted or disputed, and the court accepted them as being true, but held them to be immaterial because the court was of the opinion that if the testator had intended to provide for postgraduate work in college he would have expressly so stated and the matters set out in the statement which was made to the court were held by the court to be immaterial in the matter of the construction of the last will and testament. It is alleged that petitioner believes that the record of this court would be incomplete if it failed to show the statement above set out which was made to the court and considered by it. The prayer was that the decree be amended by a *nunc pro tunc* judgment to show the cause was submitted on the statement of facts as above set out, which was accepted by the court as evidence and found to be true.

John H. Morris, executor and trustee, appearing solely for the purpose of this motion, moved the court to dismiss George W. Murphy's petition to amend the decree for the reason that the term of the chancery court at which the construction of the last will and testament of Simon Blumenstiel and the order of judgment or decree made thereon, has passed and said decree cannot be amended at this time.

Thereafter, in the December, 1939, term of court, the court overruled the motion to dismiss. There was a response filed by the executor and trustee to the petition to amend the decree.

The court, on February 7, 1940, amended the decree of September 26, 1939, to show that the cause was submitted on statements of facts set out in the petition of George W. Murphy, and answers and response thereto, and ordered that the statement of facts be incorporated as a part of the record. This appeal is prosecuted to reverse the decree of the chancery court.

Appellant states that he has found but one case which he believes to be in point, *Shepard* v. *U. & N. H. Trust Co., et al.,* 106 Conn. 627, 138 Atl. 809. The sixth paragraph of the will in the Connecticut case reads: "I hereby direct that one thousand dollars ($1,000) per year be paid yearly for the education of my grandson, William B. Shepard, if he takes a college or professional course or both, and the same amount to be paid to each of my granddaughters for a college course or a course in a young ladies' seminary." It will be observed that the clause in the will in that case provided for a "college or professional course or both," while in the instant case the codicil provides "for the education of the children in college" and provides for their expenses being paid until the completion of their education in college.

This court has said in a recent case: "The general rule is that the paramount principle in the construction of wills is that the general intention of the testator, if not in contravention of public policy or some rule of law, shall control; and such intention is to be ascertained from the language used as it appears from a consideration of the entire instrument. Words and sentences used are to be construed in their ordinary sense so as to arrive at the real intention of the testator." *Union Natl. Bank* v. *Kirby,* 189 Ark. 369, 72 S. W. 2d 229.

"In the construction of an instrument creating a trust, the same rules prevail whether such instrument be a deed or a will. The true rule is that the construction never begins until uncertainty of sense is pretty clearly apparent." 26 R. C. L. 1552.

George W. Murphy was, at the time the codicil was written, attending the University of Arkansas. It is universally held that the maker of a will knows the law.

Section 13165 of Pope's Digest provides: "The course of study in said University shall embrace agricultural chemistry, animal and vegetable anatomy and physiology, the application of science and the mechanic arts to practical agriculture in the field, veterinary arts, entomology, rural and household economy and horticul-

ture, practical mechanic arts as taught in the workshops, the English language and literature, mathematics, civil engineering, philosophy, history and bookkeeping; including military tactics and such other branches of study as the Board of Trustees may prescribe.''

While there was no evidence introduced in this case, the record shows that the testator, during his lifetime, paid the expenses of George W. Murphy in the University of Arkansas, and of course knew he was attending that school. The codicil expressly provides for his education in college, and until the completion of his education in college. When the record is considered, it seems perfectly clear that the testator meant to provide for his education in the University of Arkansas. He was attending this university during the lifetime of the testator, and if the testator had intended to provide for anything in addition to his education in the University of Arkansas, he would certainly have said so.

''While parol evidence is not admissible to show what a testator intended to write, it may be admitted in a proper case, where the effect of it is merely to explain or make certain what he has written. In ascertaining the testator's intent the words of the will are to be read in the light of the circumstances under which it was written, and the court may put itself in the place of the testator for the purpose of determining the objects of the testator's bounty or the subject of disposition. It is proper to take into consideration all the circumstances under which the will was executed, including the condition, nature and extent of the testator's property, and his relations to his family and to the beneficiaries named in the will. Even the motives which may reasonably be supposed to operate with him and influence him in the disposition of his property are entitled to consideration in ascertaining the meaning of the testator. So evidence is admissible as to the circumstances surrounding the subject matter of the gift. Accordingly the courts in construing a will have taken into consideration such matters as the financial condition of the beneficiary,

when it appears that this was known to the testator. The relative amount of advancements and the differences in value of portions of land devised to different children are also proper subjects for consideration. The rule is, however, inflexible that surrounding circumstances cannot be resorted to for the purpose of importing into the will any intention which is not there expressed, and when a will is not ambiguous in terms it is unnecessary to resort to testimony as to the surrounding circumstances in order to ascertain its meaning." 28 R. C. L., p. 273, § 244, *et seq.*

"We must look to the will to determine the testator's intention, but in getting this view we should place ourselves where he stood, and should consider the facts which were before him in deciding what he intended by the language which he employed. If the rule were otherwise, the making of wills would be so difficult that the very purpose of permitting this method of disposition of property would frequently be defeated." *Eagle* v. *Oldham,* 116 Ark. 565, 174 S. W. 1176, 1199; *Ellsworth* v. *Ark. Natl. Bank, Trustee,* 194 Ark. 1032, 109 S. W. 2d 1258.

Appellant says that Mr. Blumenstiel, with knowledge of the facts, wrote a codicil to his will in which he directed the trustee to pay George W. Murphy's expenses until he completed his college education.

As we have already said, that meant, evidently, the completion of his college course at the University of Arkansas. We believe that if the facts stated in appellant's petition for amendment of the decree are considered, as the chancellor did consider them, they strengthen the view herein expressed. If the testator knew that George W. Murphy desired to take a professional course or any training other than that provided at the University, and intended to pay the expense of this additional training, he would have said so.

"It has been long settled that in construing wills the intention of the testator is to be collected from the words of the will itself, as applied to the subject-matter

and read in the light of the surrounding circumstances. While as already seen, the purpose of construction, as applied to wills, is unquestionably to arrive at the intention of the testator, that intention is not that which existed in the mind of the testator, but that which is expressed by the language of the will.'' 28 R. C. L. 214.

All the authorities are to the effect that we arrive at the intention of the testator by ascertaining the meaning of the words used by him, and not the intention that may have existed in the mind of the testator.

The decree of the chancery court is affirmed.