GREENE *v.* THOMPSON.

5-1377 305 S. W. 2d 136

Opinion delivered July 1, 1957.

[Rehearing denied October 7, 1957]

*Downie & Downie,* for appellant.

*Barber, Henry, Thurman & McCaskill,* for appellee.

ED. F. McFADDIN, Associate Justice. This case in-
volves the deed in trust executed by Governor and Mrs.
George W. Donaghey. Specifically, the question is: un-
der the facts here presented, can the Trustees of the
Donaghey Foundation continue to pay the net proceeds
of the Foundation to the Little Rock Junior College if
that institution ceases to be operated by or under the
supervision of the School Directors of the Little Rock
School District?

In the case of *Little Rock Junior College* v. *George
W. Donaghey Foundation,* 224 Ark. 895, 277 S. W. 2d
79, we had before us the deed in trust executed by Gov-
ernor and Mrs. Donaghey; and that opinion contains the

basic facts about the Donaghey deed in trust. The majority opinion in that case concludes with these two pertinent paragraphs:

"But little need be said about appellee's contention that since the college has incorporated, it is no longer under the supervision of the Little Rock School Board and is therefore not entitled to receive anything from the trust. Surely appellees do not have much confidence in that theory, for the payments to the college were continued after the four-year program was abandoned.

"The deed provides that the school be 'under the supervision of the *public school authorities* in said city.' The college was incorporated in 1947; section one of Article 5 of the Articles of Incorporation provides: 'The management and administration of the affairs of the corporation shall be vested in a Board of Trustees which shall always be composed of and limited to duly elected and installed Directors of the Little Rock School District.' Hence the college is under the supervision of the public school authorities of Little Rock just as much as it is possible to be under such supervision. By incorporating the institution and limiting the personnel of the Board of Trustees to duly elected and installed Directors of the Little Rock School District, the provision in the deed in trust pertaining to the college being supervised by the school authorities of Little Rock is fully complied with."

As stated in the foregoing paragraphs, the School Directors of the Little Rock School District incorporated the Little Rock Junior College (as a non-profit educational corporation under § 64-1301 *et seq.* Ark. Stats.), and the School Directors of the Little Rock School District were the Directors of the Little Rock Junior College corporation and thus retained the operation and management of the Junior College. But after our opinion in the case of *Little Rock Junior College* v. *George W. Donaghey Foundation, supra,* the School Directors of the Little Rock School District decided to surrender their directorship of the Little Rock Junior College corpora-

tion to other persons.[1] Thereupon, the present suit was instituted by James R. Greene, *et al.*, as plaintiffs, against Charles L. Thompson, John Rule, William Nash, Alfred Kahn, Leo Pfeifer, Henry Hollenberg, and Clyde Lowry, "Trustees of the Trust Created by the Deed in Trust executed by George W. Donaghey and Louvenia Donaghey under date of July 1, 1929."

The complaint alleged that the plaintiffs were citizens, taxpayers, and patrons of the Little Rock School District; that this suit was for the benefit of themselves and all others similarly situated; that the defendants were the present Trustees of the Donaghey Foundation; that the Little Rock Junior College was the beneficiary of the Donaghey Foundation; that the School Directors of the Little Rock School District were the Trustees charged with the responsibility of managing and operating the Little Rock Junior College; that the School Directors of the Little Rock School District were now attempting to put into operation a plan so that the Little Rock Junior College would be managed by persons other than the elected School Directors of the Little Rock School District;[2] that the defendants, as Trustees of the Donaghey Foundation, had agreed that they would continue to give the income derived from the Donaghey Foundation to the Little Rock Junior College, even under its new management; and that the Trustees of the Donaghey Foundation had no power, under the terms of the Donaghey deed in trust, to give any part of the income from the Donaghey Foundation to the Little Rock Junior College if it ceased to be operated or

[1] The plan of such surrender was this: the Directors of the Little Rock School District, acting in their capacity as the Board of the Little Rock Junior College corporation, undertook to amend the constitution of the Little Rock Junior College corporation so as to set up a Board of Directors of the Little Rock Junior College corporation to be selected by Trustees from various groups, such as Trustees of the Donaghey Foundation, Directors of the Little Rock School District, the Alumni Association of Little Rock Junior College, and the Little Rock Junior College Foundation Incorporated. In short, the proposed amendment to the constitution of the Little Rock Junior College corporation would relieve the School Directors of the Little Rock Junior College. The Trustees of the Donaghey Foundation were agreeable to this plan.

[2] The plan was detailed as stated in Footnote No. 1.

supervised by the Directors of the Little Rock School District.

The plaintiffs prayed that the defendants, as Trustees of the Donaghey Foundation, be enjoined from giving any of the money of the Donaghey Foundation to the Little Rock Junior College, in the event the operation or supervision of the Little Rock Junior College should pass from the Directors of the Little Rock School District. The defendants filed an answer, which in effect admitted the facts as alleged; and prayed ". . . that the Court interpret the deed in trust and that they be authorized, in their discretion, to continue to make payments to the beneficiary named in said deed in trust, that is, the Little Rock Junior College, during the time it is operated as a junior college and when and if it is advanced to a senior college, even though it is not operated by or under the supervision of the public school authorities of the City of Little Rock . . ."[3]

The deed in trust of Governor Donaghey was very specific as to the necessity of the Board of School Directors of the Little Rock School District continuing to manage and control the Little Rock Junior College. Here is the pertinent language:

"It is the object and purpose of this deed to convey the property herein described to said Trustees, their successors and assigns for the purpose of creating a fund or foundation to be used for the sole and exclusive benefit of the present Little Rock Junior College, an institution of learning in said city, at the present time operated under the management of the Board of School Directors of the Special School District of Little Rock, Arkansas, *investing said Trustees with full discretion to select some other public school or schools in said city, operated by or under the management or supervision of the Board of School Directors of the said Special School District of Little Rock,* and their successors in

---

[3] For reasons best known to themselves, neither side saw fit to make the School Directors of the Little Rock School District parties to this litigation; but neither side has raised any question of defect of parties, so we proceed to decide the question as stated in the first paragraph of this opinion.

charge of the public schools in the said City of Little Rock, *in the event the present Little Rock Junior College or its successors, should at any time cease to be operated by or under the supervision of the public school authorities in said city.*" (Italics our own.)

Notwithstanding the quoted language, the Pulaski Chancery Court held, in the case at bar, that the Trustees of the Donaghey Foundation could continue to pay the net proceeds of the Donaghey Foundation to the Little Rock Junior College, even though the School Directors of the Little Rock School District surrendered the directorships and the Little Rock Junior College ceased to be operated by or under the supervision of the School Directors of the Little Rock School District. We hold that the decision of the Pulaski Chancery Court was in error. The language we have italicized in the paragraph above is as clear as the English language can be made: ". . . in the event the present Little Rock Junior College or its successors, should at any time cease to be operated by or under the supervision of the public school authorities in said city . . .", then the Trustees of the Donaghey Foundation were to deliver the net proceed of the Donaghey Foundation to ". . . some other public school or schools in said city, operated by or under the management or supervision of the Board of School Directors of the said Special School District of Little Rock, and their successors in charge of the public schools in the said City of Little Rock . . ." No amount of semantics can change the plain language of the Donaghey deed in trust in this particular.

In *Morris* v. *Boyd,* 110 Ark. 468, 162 S. W. 69, this Court had before it a case in which the Chancery Court had rendered a decree changing the terms of a trust; and what we said in that case is enlightening and guiding in the case at bar. We quote at length:

" 'The rights and powers of a trustee . . . are derived from and measured and limited by the instrument creating the trust,' and 'they will not be permitted to change the nature, objects and purposes of the trust, or vary the rights of the beneficiaries.' 39 Cyc. 290.

"The power of courts over charitable trusts, so far as concerns the use to which the property conveyed is to be appropriated, is derived from the same source whence the authority of the trustees originates, namely, the instrument whereby the trust is created, and the directions of the donor must be adhered to as rigidly by courts as by trustees.

"Courts may define, but not enlarge, the powers conferred upon the trustee by the instrument creating the trust. That doctrine is concisely stated by a learned court in the following words: " 'It may be conceded that a court of equity has no power to make a new will for a testator, and that the extent of its power is to construe the will as presented to it. And, further, that such court can no more authorize an act to be done which is in excess of the powers conferred by the will than can the trustees therein do such act. As to these propositions there is, or can be, no question or doubt.' *Drake* v. *Crane*, 127 Mo. 85 . . .

"The facts of this case fairly illustrate the force of the doctrine we are undertaking to announce. The testator intended to create a trust upon certain contingencies and devote substantially all of his property to the purposes of the trust. He clearly expressed his purpose in his last will and testament. The contemplated settlement changes that and diverts the major portion of the property from the operation of the trust. It makes an appropriation of the testator's property contrary to his expressed intention . . .

"But the settlement or compromise involved in this case reaches to the very foundation of the trust and involves a direct change and setting aside of the will of the testator. This is as much beyond the power of the court as of the trustees themselves."

Other cases to the same effect are *Union National Bank* v. *Kirby*, 189 Ark. 369, 72 S. W. 2d 229; and *Atkinson* v. *Lyle*, 191 Ark. 61, 85 S. W. 2d 715. We realize that the School Directors of the Little Rock School District are faced with an almost superhuman task: anyone who serves as a School Director is certain-

ly doing a great public service. As the City has grown, the schools have grown, and the problems of school management are enormous; and it would certainly lighten the load of the School Directors of the Little Rock School District if they could pass over to others the responsibility of operating or supervising the Little Rock Junior College, which is soon to be the Little Rock University. But, as much as we sympathize with the School Directors in their labors, we still have the responsibility of seeing that the trust is observed in accordance with the plain directions of the settlors; and in order for the Little Rock Junior College to continue to receive the money from the Donaghey Foundation in preference to the other public schools of Little Rock, then the Little Rock Junior College must be ". . . operated by and under the supervision of the public school authorities in said city . . ." Should the School Directors of the Little Rock School District for any reason refuse to operate or supervise the Little Rock Junior College, then the power of equity to prevent the loss to the innocent beneficiary might be brought into play; but that situation is not here presented. The effect of our holding in the present case is to declare that the plan as proposed herein is in violation of the deed in trust.

Therefore, the decree is reversed and the cause is remanded, with directions to enter a decree construing the deed in trust in accordance with the holding herein.

WARD, J., concurs; HOLT and ROBINSON, JJ., dissent.

PAUL WARD, Associate Justice (concurring). My concurrence goes to this point: It appears to me that this court might well have granted the relief which the majority opinion, by insinuation, says can be granted in case the Little Rock School District should ever refuse to operate or supervise the Little Rock Junior College.

My interpretation of the pleadings in this case is that directors of the Little Rock School District have already refused to "operate or supervise the Little Rock Junior College." The complaint alleges that said school directors are attempting to put into operation a plan

whereby said college would be managed by other persons. This allegation is not denied, therefore I would take it as an established fact.

I can see no reason why this court should invite further litigation to achieve the result which the majority opinion has already pointed out would follow.