# Robert E. ACKERMAN *v.* CITIZENS BANK OF JONESBORO, Trustee, and Ida POLLEY, Gary POLLEY and Ronald POLLEY

77-82                                          555 S.W. 2d 565

## Opinion delivered September 26, 1977
### (Division I)

*Bill W. Bristow,* for appellant.

*Frierson, Walker, Snellgrove & Laser,* by: *Mark Ledbetter,* for appellees.

ELSIJANE T. ROY, Justice. On February 9, 1974, Katherine F. Ackerman died, leaving a will and trust agreement as dispositive of her estate. Under the terms of her will, her estate, with the exception of certain personal effects, was devised to the Citizens Bank of Jonesboro as trustee.[1] Under the terms of the trust agreement, two separate trusts were to be created and were referred to in the instrument as "the marital trust" and "the residuary trust." The decedent's husband, Robert E. Ackerman,[2] appellant in this proceeding, was to receive the income of the residuary trust for life with the corpus to vest upon his death in appellees, Ida, Gary and Ronald Polley. The marital trust was to be the sole property of appellant, and at his death the principal would vest in such persons as he might by will appoint. Any part not so devised was to pour over into the residuary trust and become the property of appellees Polley.

The particular issue sought to be resolved here is whether certain property which had passed to appellant outside the will should be included in the allocation of trust assets. This property consisted of an *inter vivos* gift of $66,000 made by the decedent to appellant in February, 1973; 100 acres of real property valued at $85,000 and held jointly; and certain miscellaneous personal property worth $1400. The transfer of this property was held by the Internal Revenue Service to have been made in contemplation of death. All of the items mentioned above were included in the gross estate of Katherine F. Ackerman for federal estate tax purposes and all qualified for the marital deduction.

Article III (B), Sections 1 and 2, the pertinent provisions of the trust agreement, read as follows:

---

[1] The trustee is an appellee in this action.

[2] The parties had been married only about three years at the time of Mrs. Ackerman's death, and both were of an advanced age when they married.

(1) There shall be allocated to one trust, hereinafter referred to as the Marital Trust, *only* that amount of the trust property necessary to permit Grantor's estate to obtain for federal estate tax purposes the maximum marital deduction, taking into consideration any other amount so qualifying. The term "marital deduction" shall have the same meaning as under the Internal Revenue Code [italics supplied].

(2) All the rest, residue and remainder of the Trust Estate shall be allocated into another trust, hereinafter referred to as "Residuary Trust."

Appellant contended the trust assets should be divided into two equal shares with half going into the marital trust and the other half into the residuary trust. Appellees Polley contended that the marital trust should contain only that portion of the trust assets which together with the property passing to appellant outside the will would total one-half the gross estate.

The chancery court determined the property appellant received *dehors* the will should be considered allocated to the marital trust as adjusted by the Internal Revenue Service on the estate tax return of Mrs. Ackerman. The total value of these assets was $144,204.38, and this sum was allocated to the marital trust, consequently reducing the amount appellant would otherwise have received from the trust corpus.

On appeal the first contention is that the court erred in ruling that the trust instrument manifested an intent to give the surviving spouse less than fifty percent of the proceeds of the trust corpus. Both appellant and appellees agree that the issue is a matter of first impression before this Court.

Simply stated, the allowance of the marital deduction permits the deduction from the decedent's taxable estate of any interest passing to a surviving spouse in an amount not exceeding fifty percent of the value of the adjusted gross estate. I.R.C. of 1954, c. 736, 68A. Stat. 392; October 4, 1966, Pub. L. 89-621, § 1 (a), 80 Stat. 872 (current version at 26

U.S.C.A. § 2056 [1977 Supp.]), and 1 Harris, Handling Federal Estate and Gift Taxes, § 226 (Rasch Rev. 1972).

Appellant has cited several cases from other jurisdictions contending they support his view that the marital estate should not be charged with property passing outside the will. We find none controlling here because of factual distinctions. None contain the restrictive language used in the trust established by Mrs. Ackerman.

We find of particular significance in the trust instrument the use of the words "*only* that amount of the Trust property necessary to permit Grantor's estate to attain for Federal Estate Tax purposes the maximum marital deduction, *taking into consideration any other amount so qualifying.*" (Italics supplied.)

It is undisputed that the monetary gift, the miscellaneous personal property and the jointly held real estate all qualified for the marital deduction as determined by the Internal Revenue Service.[3] The words used in the trust provision clearly express the settlor's directive that the property at issue here be included in the allocation to the marital trust. To hold otherwise would be to completely ignore the use of the word "only."

Appellant next alleges the court erred in ruling that because of the restrictive language used in the trust instrument, parol evidence would not be admitted to clarify the meaning of the instrument.[4]

In *Murphy* v. *Morris, Executor,* 200 Ark. 932, 141 S.W. 2d

---

[3]The trust instrument specifically provided the term "marital deduction" shall have the same meaning as under the Internal Revenue Code.

[4]The court did permit a proffer of testimony, which we have reviewed but have found inadmissible because the standards established by *Martin* v. *Simmons First National Bank,* 250 Ark. 774, 467 S.W. 2d 165 (1971), were not present in the proffer. The *Martin* case indicates that parol evidence may be given to show the circumstances existing when the will was written, including the condition, nature and extent of the testator's property, the testator's relations with his family and other beneficiaries, motives which may reasonably be supposed to influence him, the subject matter of the gift, etc., but does not indicate direct statements as to what the testator intended without reference to the instrument are admissible.

518 (1940), this Court stated:

> In the construction of an instrument creating a trust, the same rules prevail whether such instrument be a deed or a will. The true rule is that *the construction never begins until uncertainty of sense is pretty clearly apparent.* (Citing 26 R.C.L. 1552.) (Italics supplied.)

Since the trust instrument contained the restrictive provisions heretofore discussed we find the trial court was correct in holding that there was no "uncertainty of sense" requiring extrinsic evidence on this issue.

Appellant's last contention concerns the jointly held real estate. At the time of their marriage Mrs. Ackerman had a life estate in this real property. On April 29, 1972, appellant and his wife purchased the remainder interest for a consideration of $14,000 which was paid by a check drawn on their joint bank account.

The value placed on the real property at the date of the trustor's death was $85,000. Appellant contends since the property was jointly owned there should have been excluded from the trustor's estate for tax purposes such part of the entire value of such real property as was attributable to the amount of the consideration furnished by the other joint owner. The chancellor found appellant's contribution was fifty percent of the purchase price[5] of the remainder interest. The real property initially had not been listed in the estate tax return, but the Internal Revenue Service adjustment audit reflected addition to the gross estate in the amount of $71,000 because of the jointly held real estate, which sum represented the "fair market value of [the property] $85,000 less surviving spouse's contribution of $14,000."

The chancellor adopted the cash paid theory used by the Internal Revenue Service in determining the adjusted value of $71,000 as reflected in Mrs. Ackerman's estate tax return.

---

[5]Although appellant contends that the testimony given at the hearing revealed he had contributed sixty percent of the consideration, he does not on appeal contest the lower court's finding that his contribution was fifty percent.

We find merit in appellant's contention that under § 2040 of the Internal Revenue Code appellant's contribution toward the purchase of the remainder interest should be computed by using a proportionate figure instead of cash paid. I.R.C. of 1954, c. 736, 68A. Stat. 385; Oct. 16, 1962, Pub. L. 87-834, § 18(a)(2)(G), 76 Stat. 1052 (Current version at 26 U.S.C.A. § 2040 [1977 Supp.]), reads as follows:

> The value of the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth:
>
> * * *

The Treasury regulation promulgated in connection with 26 U.S.C.A. § 2040, *supra,* is 26 C.F.R. § 20.2040-1 and reads in pertinent part:

> (a) In general. A decedent's gross estate includes under § 2040 the value of property held jointly at the time of the decedent's death by the decedent and another person or persons with right of survivorship, as follows:
>
> * * *
>
> > (2) . . . [T]he entire value of the property is included except such part of the entire value as is attributable to the amount of the consideration in money or money's worth furnished by the other joint owner or owners. * * * Such part of the entire value is that portion of the entire value of the property at the decedent's death . . . which the consideration in money or money's worth furnished by the other joint owner or owner bears to

the total cost of acquisition and capital additions . . . .

* * *

Notes thereunder state:

(c) Examples. The application of this section may be explained in the following examples in each of which it is assumed that the other joint owner or owners survived the decedent:

(1) If the decedent furnished the entire purchase price of the jointly held property, the value of the entire property is included in his gross estate;

(2) If the decedent furnished a part only of the purchase price, only a corresponding portion of the value of the property is so included;

* * *

Since the decedent and appellant each furnished one-half of the purchase price, the amount charged to the marital trust should have been $42,500 (50% of $85,000) instead of $71,000.

Accordingly the cause is remanded with directions to the chancellor to enter a decree consistent with this opinion.

Affirmed as modified.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.