Betty Lou Dale CURRENCE (WALDEN) *v.* Elwood Earl CURRENCE

CA 82-80                                        641 S.W.2d 40

Court of Appeals of Arkansas
Opinion delivered November 3, 1982

*Ronald J. Bruno & Associates,* for appellant.

*Hale, Lee & Green,* by: *Milas H. Hale,* for appellee.

DONALD L. CORBIN, Judge. Appellant, Betty Lou Dale Currence Walden, filed a motion asking that appellee, Elwood Earl Currence, be cited for contempt for failure to abide by a clause in their property settlement agreement. The clause provided that appellee "agrees to be responsible for the college expenses of the child so long as the child maintains a reasonable academic level of achievement." The trial court ruled that appellee was not required to pay the college expenses beyond four years. We reverse.

The parties' son, Jerry, enrolled in the architectural program at the University of Arkansas at Fayetteville, seeking a Baccalaureate Degree of Architecture. He began the program in 1977 and has maintained a B average. Appellee testified that he knew that Jerry was going to enter the architectural degree program at the time he executed the property settlement agreement but didn't check to find out that it lasted longer than four years. Appellee was not willing to pay college expenses beyond four years.

The appellee did not limit his obligations to his son by contracting for a four-year college education. Here, appellee knew his son was entering an architectural program. It customarily takes five to six years to finish the baccalaureate degree requirement in architecture. Baccalaureate degree requirements are not measured in years but by semester hours.

On the facts, we construe the provision as requiring the appellee to pay the college expenses of his child until the child has successfully completed his required course of study to obtain a baccalaureate degree in his chosen field of study. The son must be diligent in his pursuit of the Baccalaureate Degree in Architecture and maintain a reasonable academic level of achievement. See *Armstrong* v. *Armstrong,* 248 Ark. 835, 454 S.W.2d 660 (1970), *Murphy* v. *Morris,* 200 Ark. 932, 141 S.W.2d 518 (1940).

We reverse and remand with directions to the trial court to enter an order in keeping with this opinion.

Reversed and remanded.

COOPER, J., concurs.